IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON DIVISION

| | |
|---|---|
| Michelle Melton, | : |
| Plaintiff, | : |
| v. | : Civil Action No.: 2:14-2448 |
| Sallie Mae, Inc., | : **Jury Trial Demanded** |
| Defendant. | : |

## COMPLAINT

For this Complaint, the Plaintiff, Michelle Melton, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. The Plaintiff, Michelle Melton ("Plaintiff"), is an adult individual residing in South Charleston, West Virginia, and is a "person" as defined by 47 U.S.C. § 153(10).

4. Defendant Sallie Mae, Inc. ("SMI"), is a Virginia business entity with an address of 12061 Bluemont Way, Reston, Virginia 20190, and is a "person" as defined by 47 U.S.C. § 153(10).

## FACTS

5. Within the last year, SMI contacted Plaintiff by placing calls to Plaintiff's cellular telephone.

6. At all times mentioned herein, SMI called Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

7. When answering SMI's calls, Plaintiff heard a pre-recorded message that asked Plaintiff to hold for the next available representative; after waiting on the line as requested by the automated message, Plaintiff would then be transferred to a live representative.

8. At all times, SMI placed calls to Plaintiff regarding Plaintiff's loans.

9. During a conversation in or around October of 2013, Plaintiff expressly advised SMI to stop calling her cellular phone.

10. Plaintiff repeated her request that SMI stop calling her cellular phone on additional occasions after the first request to stop calling.

11. Despite Plaintiff's repeated requests, SMI continued to place repeated ATDS calls to Plaintiff on her cellular phone, sometimes placing multiple calls in a given day.

12. Even if SMI at one time had Plaintiff's consent to place calls to her cellular telephone, SMI no longer had such consent after Plaintiff expressly requested that the calls cease.

13. The calls from SMI were not placed for emergency purposes.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *et seq*.

14. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. Defendant contacted Plaintiff using an automatic telephone dialing system and/or by using a prerecorded or artificial message on a cellular telephone of 47 U.S.C. § 227(b)(1)(A)(iii).

16. Plaintiff either never provided express consent to Defendant or the Creditor to call her cellular telephone number, or Plaintiff revoked her consent to be contacted by Defendant on her cellular telephone through her repeated demands to cease calling her cellular telephone.

17. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18. Each of the aforementioned calls made by Defendant constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, *et. seq*.

19. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT, W. Va. Code § 46A-1-101, *et seq.*

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Plaintiff is a "consumer" as defined by W. Va. Code §§ 46A-1-102(12) and 46A-2-122(a).

23. The Defendant is a "creditor" as defined by W. Va. Code S 46A-5-101(1) and as construed by the Supreme Court of Appeals of West Virginia in *Barr v. NCB Management Services Inc.*, 711 S.E.2d 577 (W. Va. 2011). The Defendant is, therefore, liable for each of the following violations of the West Virginia Consumer Credit and Protection Act.

24. The Defendant's conduct violated W. Va. Code § 46A-2-125 in that Defendant unreasonably oppressed or abused Plaintiff in connection with the collection of the Debt.

25. The Defendant's conduct violated W. Va. Code § 46A-2-125(d) in that Defendant caused a telephone to ring or engaged Plaintiff in telephone conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten the Plaintiff.

26. The Defendant's conduct violated W. Va. Code § 46A-2-128 in that Defendants used unfair or unconscionable means to collect the Debt.

27. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the WVCCPA, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

4. Statutory damages of between $100.00 and $1,000.00 for each violation of

    the West Virginia Consumer Credit and Protection Act, W. Va. Code S 46A-1-101, et seq., pursuant to W. Va. Code S 46A-5-101(1);

5. Costs of litigation and reasonable attorney's fees pursuant to W. Va. Code, § 46A-5-104 against the Defendants;

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 16, 2014

    Respectfully submitted,

    By   /s/ Brian J. Headley

    Brian J. Headley, Attorney at Law
    West Virginia Bar No. 9667
    145 Historic Drive
    Mount Pleasant, SC 29464
    Telephone: (855) 301-2100 Ext. 5532
    Facsimile: (888) 953-6237
    bjheadley@yahoo.com
    bheadley@lemberglaw.com

    <u>Of Counsel To</u>
    LEMBERG LAW, LLC
    A Connecticut Law Firm
    1100 Summer Street, 3rd Floor
    Stamford, CT 06905
    Telephone: (203) 653-2250
    Facsimile:  (888) 953-6237
    *Attorneys for Plaintiff*